UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
UNITED ASSOCIATION OF PLUMBERS AND       :
PIPEFITTERS, JOURNEYMEN, LOCAL #38 DEFINED :
BENEFIT PENSION PLAN, et al.,            :
                                         :
                                         :       23-cv-6548 (AS)
              Plaintiffs,                :
                                         :       MEMORANDUM OPINION
        -v-                              :       AND ORDER
                                         :
SYNEOS HEALTH, INC, et al.,              :
                                         :
              Defendants.                :
                                         X
------------------------------------------------------------------------
ARUN SUBRAMANIAN, United States District Judge:

      On July 27, 2023, Plaintiff United Association of Plumbers and Pipefitters, Journeymen, Local #38 Defined Benefit Pension Plan ("Local 38") filed a class action lawsuit on behalf of purchasers of Syneos common stock between September 9, 2020, and November 3, 2022. The complaint alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("1934 Act") and Rule 10b-5 promulgated thereunder.

      Section 78u-4(a)(3)(A) of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A), requires that within twenty days of the filing of the complaint, the plaintiff shall "cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class . . . of the pendency of the action, the claims asserted therein, and the purported class period." 15 U.S.C. § 78u-4(a)(3)(A)(i). The PSLRA also provides that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." *Id.* In addition, the Act requires that not later than 90 days after the date on which notice is published, the Court shall consider any motion made by a purported class member in response to the notice, and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the Court determines to be most capable of adequately representing the interests of class members. *See id.* § 78u-4(a)(3)(B)(i). In the event that more than one action on behalf of a class asserting substantially the same claim or claims has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the Court shall not appoint a lead plaintiff until after a decision on the motion to consolidate is rendered. *See id.* § 78u-4(a)(3)(B)(ii).

      Counsel for Plaintiff Local #38 notified the Court that the required notice was published on July 27, 2023, in *Business Wire*. Dkt. 14. Members of the purported class therefore had until

September 25, 2023, to move the Court to serve as lead plaintiffs. On September 25, 2023, three plaintiffs (or plaintiff groups) moved to serve as lead plaintiff: (1) Wayne County Employees' Retirement System, Massachusetts Laborers' Annuity and Pension Funds, Local 295 IBT Employer Group Pension Trust Fund, and Sheet Metal Workers' Local No. 80 Pension Trust Fund ("the Pension Funds"); (2) The Public Employees' Retirement System of Mississippi ("Mississippi"); and (3) Kempen International Funds and MercLin Institutional Fund ("the Institutional Investors").

Under the PSLRA, the Court must "appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of [the] class members." 15 U.S.C. §78u-4(a)(3)(B)(i). The PSLRA also presumes that the most adequate plaintiff is the "person or group of persons" who (1) "has the largest financial interest in the relief sought by the class" and (2) "otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb)–(cc).

None of the three movants disputes that the Institutional Investors have the greatest financial interest in this case. *See* Dkts. 36, 38. The Pension Funds lost about $1.9 million, Mississippi lost about $2.4 million, and the Institutional Investors lost about $51 million. *See* Dkts. 16, 21, 26. As for the other requirements of Rule 23, no one contests that the Institutional Investors' claims are typical: they bought Syneos common stock and suffered major losses after Syneos's alleged stock-price inflation was revealed. *See* Dkt. 26 at 7.

But Mississippi does try to cast some doubt on the Institutional Investors' ability to fairly and adequately represent the class. *See* Fed. R. Civ. P. 23(a)(4). It says the Institutional Investors are inexperienced because they have never served as Lead Plaintiff in a PSLRA case. Yet the Institutional Investors are large, sophisticated funds and will be represented by experienced counsel. *See* Dkt. 26 at 7–12.

Mississippi also proposes that it serve as a co–lead plaintiff. It says this arrangement would protect the class if the Institutional Investors were disqualified. Dkt. 38 at 2. But it gives no reason to think the Institutional Investors will be disqualified or any other reason why a co-lead arrangement would be preferable. Given the PSLRA's focus on who has the "largest financial interest," it would be odd to force the Institutional Investors to enter a power-sharing agreement with a plaintiff whose interest is less than one-twentieth of its own. *See Gluck v. CellStar Corp.*, 976 F. Supp. 542, 550 (N.D. Tex. 1997) ("[W]here the interest of one institutional investor in the litigation far exceeds the interests of other purported plaintiffs, nothing persuades the Court to appoint co–Lead Plaintiffs."). Moreover, jockeying between co–lead plaintiffs and law firms to call the shots, build a lodestar, and ultimately garner more fees, breeds indecision and inefficiency, harming the interests of the class.

Under § 78u-4, the Institutional Investors are presumptively the most adequate plaintiff in this case. And that presumption has not been rebutted. So the Court appoints the Institutional Investors to serve as lead plaintiff. The Court has reviewed the qualifications of the Institutional Investors' chosen counsel—DiCello Levitt—and finds that the firm has the knowledge,

experience, and resources to serve as lead counsel here. Given that determination, as well as the PSLRA's "strong presumption in favor of approving … lead plaintiff's decisions as to counsel," DiCello Levitt are appointed as lead counsel. *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008) (citation omitted); *see also* § 78u-4(a)(3)(B)(v). However, the Court requires the Institutional Investors to designate a single lawyer to serve as Lead Trial Counsel for the class.

For these reasons, the Pensions Funds' and Mississippi's motions to be appointed as lead Plaintiff are DENIED. Dkts. 15, 20. The Institutional Investors' motions to be appointed as lead Plaintiff and to appoint DiCello Levitt as lead counsel are GRANTED. Dkt. 24.

The Clerk of Court is directed to close ECF 15, 20, and 24.

SO ORDERED.

Dated: October 11, 2023
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge